NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—July, 1883.

## GIBBONS V. SHEPARD.

*In the matter of the judicial settlement of the account
of* ELLIOTT F. SHEPARD, *as administrator with the
will of* FRANCIS SALTUS, *deceased, annexed.*

One claiming as assignee of a legatee's interest under a will, may inter-
vene upon the judicial settlement of the executor's account, as "a
person interested in the estate," and procure a direction, in the de-
cree, for payment to him, under Code Civ. Pro., § 2743.

Although the Code of Civil Procedure does not, in terms, provide for the
citation of an assignee of a legacy or distributive share, upon an ex-
ecutor's application, to attend proceedings for accounting and distri-
bution, *it seems*, that such a citation would be regular and proper.

Where, after entry of the decree of distribution, upon a judicial settle-
ment of the account of an administrator, with the will annexed,
persons claiming as assignees of a legatee named in the will pre-
sented their demands to the former, the court, upon application for
direction in the premises,—

*Held*, that, although the claimants did not apply for relief, the proceed-
ings for enforcing the decree should be stayed, to permit the account-
ing party to apply to open the decree, or institute proceedings for
interpleader in another tribunal.

HEARING on return of order to show cause why the
administrator, with decedent's will annexed, should
not pay to Francis H. Saltus, a legatee, the amount
payable to him under the decree rendered upon the
judicial settlement of the administrator's account. It
appeared that George W. Gibbons, and others, had
claims adverse to, and as assignees of said legatee.

FREDERICK B. VANVORST, *for the motion.*

ANDERSON & HOWLAND, *for administrator.*

THE SURROGATE.—It appears that, since the entry of the recent decree directing distribution of the assets of this estate, certain persons purporting to be assignees of Francis H. Saltus, one of the persons interested as legatee under the will, have presented their claims to the administrator. Counsel for the legatee now asks the Surrogate to give some direction in the premises. The persons thus setting up title as assignees would have been at liberty, under § 2731 of the Code, to make themselves parties to the accounting proceeding; and, under § 2743, the Surrogate, upon entry of the decree, could properly have directed payment to them of the sums to which they might have shown themselves entitled.

The assignees, however, did not ask leave to intervene in the accounting proceeding, have not since applied for opening or modifying the decree, and are not now before the court.

I ought not to pass upon their rights without giving them an opportunity to be heard if they desire, and although they do not even now apply for relief, I am disinclined, in view of the facts here disclosed, to take any immediate steps for the enforcement of the decree. The Code does not, in terms, provide that the assignee of a legacy or distributive share may be cited on application of the executor, to attend proceedings for accounting and distribution, but there can be little doubt, I take it, that such citation would be regular and proper.

I am disposed, therefore, to stay the proceedings for a time, that the administrator may, at his election, apply for opening the decree (so as to afford the Surrogate

opportunity to determine who is entitled to the disputed share of this estate), or institute proceedings in another tribunal for interpleading the respective claimants, and thus relieving himself from responsibility.